# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| Johnny Barton, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| American Collections Enterprise, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Johnny Barton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Johnny Barton ("Plaintiff"), is an adult individual residing in Pasadena, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, American Collections Enterprise, Inc. ("ACEI"), is a Virginia business entity with an address of 205 S Whiting Suite 500, Alexandria, Virginia 22304, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ACEI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ACEI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ACEI for collection, or ACEI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ACEI Engages in Harassment and Abusive Tactics

12. On or about February 20, 2020, ACEI called Plaintiff's fiancée in an attempt to collect the Debt from Plaintiff and left a voicemail message.

13. In its message, ACEI disclosed the company name and stated that the call was an attempt to collect a debt owed by Johnney Barton.

14. Such disclosure caused Plaintiff a great deal of embarrassment and humiliation.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the

Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 20, 2020

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF

4